UNITED STATES DISTRICT COURT
Southern District of Florida

CASE NO.: 11-23671-CIV-SEITZ

DISABILITY ADVOCATES AND
COUNSELING GROUP, INC.,

      Plaintiff,

vs.

GROUP AFG, INC.,
d/a BP Amoco, 8680 West Flagler Street,
Miami, Florida,

      Defendant.
_____/

## JOINT NOTICE OF SETTLEMENT, REQUEST FOR APPROVAL OF STIPULATION FOR SETTLEMENT AND SUBSEQUENT DISMISSAL OF ACTION WITH PREJUDICE

COME NOW, Plaintiff and Defendant, and hereby file their Joint Notice of Settlement, Request for Approval of Stipulation for Settlement.

This is an action under Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. ("ADA"), pursuant to which Plaintiff sought to compel Defendant, the owner and/or operator of the subject properties, to modify the facilities to comply with the ADA.

The parties hereto inform the Court that they have entered into a Stipulation for Settlement regarding this matter, which Stipulation for Settlement is attached hereto. Pursuant to the Stipulation for Settlement, the parties jointly move the Court to review the Stipulation for Settlement, approve the Stipulation for Settlement and direct the parties to comply therewith, dismiss this action with prejudice, and retain jurisdiction over this matter for the enforcement of the Stipulation for Settlement.

WHEREFORE, Plaintiff and Defendant respectfully request the Court to enter the proposed Order submitted simultaneously with this notice based upon the Stipulation for Settlement entered into herein, a copy of which is attached hereto.

| | |
|---|---|
| **LAW OFFICES OF WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA**<br>Counsel for Plaintiff | **THE BLUMSTEIN LAW FIRM**<br>Counsel for Defendant |
| By: _s / William N. Charouhis_<br>William N. Charouhis, Esq.<br>Florida Bar No.: 510076<br>Suite 1750 - Brickell Bayview Centre<br>80 SW 8th Street<br>Miami, Florida 33130<br>Tel.: 305.979.8700 | By: _s / Mark Blumstein_<br>Mark Blumstein, Esq.<br>Florida Bar No.: 90700<br>One Turnberry Place, Suite 302<br>19495 Biscayne Blvd.<br>Aventura, Florida 33180<br>Tel.: 786.514.1604 |
| Dated: January 24, 2012 | Dated: January 24, 2012 |

UNITED STATES DISTRICT COURT
Southern District of Florida

CASE NO.: 11-23671-CIV-SEITZ

DISABILITY ADVOCATES AND
COUNSELING GROUP, INC.,

    Plaintiff,

vs.

GROUP AFG, INC.,
d/a BP Amoco, 8680 West Flagler Street,
Miami, Florida,

    Defendant.
_____/

## STIPULATION FOR SETTLEMENT

IT IS HEREBY stipulated and agreed by and between Plaintiff, Disability Advocates and Counseling Group, Inc. (referred to herein as "Plaintiff") and Defendant, **GROUP AFG, INC.** (referred to herein as "Defendant"), as follows:

**WHEREAS**, Plaintiff filed this action against Defendant for its alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et seq., pursuant to which Plaintiff sought a permanent mandatory injunction and attorneys' and expert's fees, expenses and costs;

**WHEREAS**, Plaintiff and Defendant have agreed to a settlement of this action; and

**WHEREAS**, the aforementioned parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and

sufficiency of which is hereby acknowledged by the parties, the parties agree to the following terms and conditions as full and complete settlement of this action:

1. Defendant shall cause the following alterations and improvements to be made to the property and improvements thereon which are the subject of this action, commonly known as a **BP Amoco** gas station and market, located at **8680 West Flagler Street, Miami, Florida** ("building," "facility" and/or "premises"):

### A. INITIAL ACCESS

i. There shall be at least one accessible path of access, with a width of at least 36 inches, and complying with 4.3 of Appendix A to 28 CFR part 36 (the "ADAAG"), leading from the public sidewalk to an accessible fuel dispenser and to the main market entrance. To the extent practicable, the path of access shall not pass through vehicular traffic. To the extent a access passes through vehicular traffic, then all such sections shall be hatch-marked in blue paint to distinguish them as accessible paths. The path of access shall not have excessive changes of level and shall not be blocked by speed bumps.

### B. SHAMPOO & VACUUM MACHINE

i. The operational controls (including the coin slot which is now at 55" aff) and hose hooks of the Shampoo & Vacuum machine shall be reachable at a height not lower than 15" or higher than 48" if only a forward reach is available, in compliance with 4.2.5 and Figure 5(a) of the ADAAG, or at a height not lower than 9" or higher than 54" if a side reach is available, in compliance with 4.2.6 and Figure 6(b) of the ADAAG, or if the required reach is over an obstruction, the reach parameters shall be in compliance with Figures 5(b) and/or 6( c) of the ADAAG as appropriate. (The reach parameters described in this paragraph shall be referred to herein as the **"Accessible Reach Parameters."**)

### C. ACCESSIBLE PARKING

i. The accessible space shall be marked with appropriate signage at a height of 84" to comply with ADAAG § 4.6.4 and Florida Statute 553.5041(6). Additionally, the sign shall indicate that violators will be towed and subject to a $250.00 monetary fine.

### D. EXTERIOR FIRE EXTINGUISHERS

i. The present exterior fire extinguishers are presently mounted too high and lack an accessible clear floor space in front due to the bollards interfering with that

space.

>> a. There shall be at least one exterior fire extinguisher on each pump side of the building, the handles of which are reachable within the Accessible Reach Parameters. Additionally, there shall also be a clear floor space in front of each such fire extinguisher that allows a forward or a parallel approach by a person using a wheelchair in front of each outside fire extinguisher which is at least 30 by 48 inches, in compliance with 4.2.4.1, 4.27.2 and Figure 4(a) of the ADAAG. (The floor space requirements of the preceding sentence shall be referred to herein as an "**Accessible Clear Floor Space**.")

**E.** **EXTERIOR RAMP TO RESTROOM** - The exterior curb ramp from the drive level to the unisex restroom level that shall comply with the following:

>> i. The slope of the curb ramp shall not exceed 1:12 (8.33%), and shall have cross-slopes which do not exceed 1:50 (2%), in compliance with 4.7.2, 4.8.2 and 4.8.6 of the ADAAG.

>> ii. The transitions at the ends of the curb ramp shall be flush and free of abrupt changes.

>> iii. The curb ramp shall be a minium of 36" wide, in compliance with 4.7.3 of the ADAAG.

>> iv. This Section E shall not apply if Defendant eliminates access to the restroom from the exterior and provides an alternative ADA accessible interior restroom as described in Section F. below.

**F.** **EXTERIOR PUBLIC RESTROOM** - The exterior unisex public restroom shall be modified to comply with (or, at Defendant's option an alternative interior public restroom shall be provided which shall comply with) the following:

>> i. There is presently a 4" - 5" curb precluding access to the restroom level. A curb ramp complying with 4.7 of the ADAAG or as ramp complying with 4.8 of the ADAAG shall be added to provide access to the restroom level to the extent the restroom remains accessible solely from the exterior. Otherwise, this requirement shall not apply as described in E.iv. above.

>> ii. The entrance door shall have an offset of at least 18" on the pull (outside) of the door, in compliance with Figure 25(a) of the ADAAG. Also, there shall be clear, level maneuvering clearances outside the door of at least 60" deep (from the face of the door), in compliance with in Figures 25(a) of the ADAAG.

>> iii. If the existing threshold remains after then renovations, then the restroom door threshold shall be 3/4" or less, in compliance with 4.1.6(3)(d)(ii) and 4.13.8 of

the ADAAG. If the threshold is replaced as part of the remediation, the new threshold shall be ½" or less, in compliance with 4.13.8 of the ADAAG. All thresholds shall be beveled or otherwise modified to a slope of no greater than 1:2, as required by 4.13.8 of the ADAAG.

**iv.** The restroom presently has non-compliant door hardware (a knob). The restroom door shall have hardware which is operable with one hand and which does not require tight grasping, pinching, or twisting of the wrist to operate, in accordance with 4.13.9 of the ADAAG. [Note: Lever type handles would fulfill this requirement.]

**v.** The sign on the exterior of the restroom shall be mounted on wall adjacent to the latch side of the door (not the center of the door), at 60 inches above the finish floor to the centerline of the sign, shall be in Braille, and shall contain a pictogram of the international symbol of accessibility, as illustrated in Figures 43(a) and (b) of the ADAAG.

**vi.** There shall be enough room inside the restroom to allow a wheelchair to make a 180 degree turn, i.e., 60" diameter (see ADAAG Figure 3(a), or a T-shaped turn (see ADAAG Figure 3(a), in compliance with 4.22.3 and 4.2.3 of the ADAAG.

**vii.** The toilet shall have grab bars which comply with 4.16.4 and Figure 29 of the ADAAG. The side grab bar shall be at least 42 inches in length, and the rear grab bar shall be at least 36 inches in length. The grab bars shall be mounted between 33 and 36 inches above the finished floor, and shall be positioned on the rear and side walls as reflected in Figure 29 of the ADAAG.

**viii.** The toilet shall be 17'" to 19" measured from the floor to the top of the toilet seat, in compliance with 4.16.3 of the ADAAG. There shall also be a clear floor at each toilet complying with 4.16.2 and Figure 28 of the ADAAG.

**ix.** The toilet shall be mounted at 18" from the side wall to the centerline of the toilet, in compliance with Figure 28 of the ADAAG.

**x.** The lavatory shall be mounted so the rim or counter surface is no higher than 34" above the finished floor, shall provide a clearance of at least 29" above the finished floor to the bottom of the apron (and at least 27" high for a depth of at least 8" back from the lavatory front edge), and shall provide the knee and toe clearances as provided by Figure 31 of the ADAAG, in compliance with 4.19 of the ADAAG.

**xi.** Water and drain pipes under the lavatory shall be insulated or otherwise configured to protect against contact, and there shall be no sharp or abrasive surfaces under the lavatories, in compliance with 4.19.4 of the ADAAG.

**xii.** The mirror in the restroom is too high (at 46"). At least one mirror in the restroom shall be mounted so the bottom edge of the reflecting surface is no higher

than 40" above the finished floor, or alternatively, a full-length mirror may be provided in the restroom, in compliance with 4.19.6 of the ADAAG.

**xiii.** All public-use dispensers in the restroom, including the soap and paper towel dispensers, shall be mounted so that the operational controls thereof are reachable with in the Accessible Reach Parameters and so there is an Accessible Clear Floor Space in front.

**xiv.** The toilet paper dispenser shall be mounted below the side grab bar, and shall be no more than 36" from the rear wall to the outside edge of the dispenser, as provided by and in compliance with Figures 29(b) and 30(d) of the ADAAG.

**G.** **MARKET INTERIOR** -

**i.** There shall be a clear, unobstructed accessible path of access, of at least 36 inches in width, down the aisles and throughout all areas of the market open to the public.

**ii.** The sales / cashier counter shall have a lowered, accessible section which shall be no less than 36 inches in length, at a maximum height of 36 inches above the finished floor, in accordance with 7.2(1) of the ADAAG. [Note: while a compliant counter presently exists, it is not 36" wide, clear due to stacked merchandise thereon. The accessible counter section shall remain clear of all such items.]

**iii.** The credit card sweep adjacent to the accessible counter sections shall be lowered so that all operational controls thereof are reachable within the Accessible Reach Parameters.

**iv.** The Triton ATM and the Touch & Buy machine shall be modified to be independently useable by persons with vision impairments, including having Braille or audio instructions and Braille operating controls, in accordance with 4.34.5 of the ADAAG. Alternatively, Defendant may remove the non-compliant machines from the facility.

**v.** The areas in the market containing cups, cup lids, food items, condiments, coffee dispensers, soda dispensers, sweeteners, stirrers, and other such self-service items available to the public shall be positioned so that each such item and all operational controls of any related machine or dispenser are reachable within the Accessible Reach Parameters. Additionally, there shall be an Accessible Clear Floor Space in front of each such item, machine and dispenser.

vi. Defendant will endeavor to provide all goods for sale within the Accessible Reach Ranges. However, to the extent that doing so would result in a significant loss of selling space, Defendant shall post a permanent sign at a conspicuous area at the present counter informing persons with disabilities that assistance will be provided. The sign shall contain a pictogram of the international symbol of accessibility, as

illustrated in Figures 43(a) and (b) of the ADAAG, shall contain a phrase similar to "Assistance Available Upon Request," and shall otherwise conform to 4.30.1, 4.30.2, 4.30.3 and 4.30.5 of the ADAAG.

2. All reference to the ADAAG shall be Appendix A to 28 CFR part 36 (the "ADAAG").

3. The alterations and modifications required hereby shall be completed in all respects by December 31, 2012.

4. Plaintiff's counsel, experts and/or representatives shall be provided reasonable access to the to the public areas of the building to verify commencement, progress and completion of the work required hereby at its sole expense (except in the event of a breach by Defendant as described in paragraph 5 below).

5. The parties are unable to ascertain with definitiveness the value of the damages Plaintiff will incur in the event Defendant breaches the terms of this Stipulation for Settlement. The parties wish, however, to ascribe a range of values for damages resulting from such non-compliance. Accordingly, the parties agree that in the event the alterations and modifications required hereby are not timely completed in all respects, Defendant shall pay Plaintiff as liquidated / consequential damages a sum of no less than $100.00 per day and no more than $250.00 per day until said alterations and modifications are complete. The appropriate amount to be awarded within that stipulated range will be determined by the Court in relation to the severity of Defendant's non-compliance. Plaintiff shall be entitled to an award for those damages and to obtain injunctive relief from the Court to compel compliance with the terms of this Stipulation for Settlement. Additionally, in the event the modifications and alterations are not completed timely, Defendant shall pay all additional reasonable attorneys' and expert's fees and costs incurred by Plaintiff subsequent to the execution of this Stipulation for Settlement.

The parties agree, however, that in the event Defendant has timely commenced the modifications required hereby, and has proceeded with the completion thereof in good faith and with due diligence, but has been delayed in the completion thereof due to acts of God or events beyond the control of Defendant (such as acts of terror or war, hurricanes, inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor or subcontractor defaults and work stoppages), then, only to the extent any such act of God, events or failure to timely complete does not result from Defendant's failure to take appropriate action and provided that before the expiration of the time for completion requirements established hereby Defendant provides Plaintiffs' counsel with written notice (via facsimile or overnight mail) of the specific non-compliance and the reasons therefore, the time requirements established hereby shall be delayed only to the extent necessitated by such acts of God or events without any liquidated/consequential damages

6. Conditioned upon Defendant timely completing the alterations and modifications to the subject premises as required by this Stipulation for Settlement, and in consideration for the payments and the alterations and modifications that will be made to the subject premises as required by this Stipulation for Settlement, Plaintiff releases and discharges Defendant, its parents, subsidiaries and affiliated corporations, shareholders and each of their respective present and former officers, directors, managers, agents, employees, and attorneys, and their successors and assigns (collectively, the "Defendant Released Parties"), from any and all claims, charges, complaints, acts, liens, demands, causes of action, obligations, damages, injunctions, and liabilities, known or unknown, suspected or unsuspected, contingent or fixed, including, without limitation, claims or causes of action out of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. Sections 12101, *et seq*. and ADAAG, that Plaintiff had, now has, or may hereafter claim to

have against the Defendant Released Parties relating to the facility which is the subject of this action from the beginning of time through the date of this Stipulation for Settlement.

  **7.** In consideration for the terms and conditions of this Stipulation for Settlement, Defendant releases and discharges Plaintiff, its parents, subsidiaries and affiliated corporations, shareholders and each of their respective present and former officers, directors, managers, agents, employees, members and attorneys, and their successors and assigns (collectively, the "Plaintiff Released Parties"), from any and all claims, charges, complaints, acts, liens, demands, causes of action, obligations, damages, injunctions, and liabilities, known or unknown, suspected or unsuspected, contingent or fixed, that Defendant had, now have, or may hereafter claim to have against the Plaintiff Released Parties from the beginning of time through the date of this Stipulation for Settlement.

  **8.** Defendant shall pay Plaintiff's counsel, William N. Charouhis, Esq. for Plaintiff's reasonable attorneys' fees, litigation expenses (including expert's fees and costs) and costs incurred in this matter. The amounts to be paid shall be established by the parties by separate letter agreement to be delivered to Defendant's counsel prior to entry into this Stipulation for Settlement. Defendant shall also pay Plaintiff's counsel, William N. Charouhis, Esq. for reasonable attorneys' fees, litigation expenses (including expert's fees and costs) and costs incurred on behalf of Plaintiff with respect to any Court ordered monitoring of and/or reporting to the Court regarding this Stipulation for Settlement and/or Defendant's compliance herewith, and with respect to enforcing or seeking to enforce any Court order or judgment provided Plaintiff is the prevailing party.

  **9.** Defendant acknowledges that it, and its agents and employees, should not discriminate against any individual because that individual has opposed any act or practice made unlawful by the ADA, or because any individual made a charge, testified, assisted, or participated

in any manner in an investigation, proceeding, or hearing regarding this matter or under the ADA, nor should Defendant or any of its agents or employees coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA, in compliance with the mandates of 28 CFR §36.206 thereof.

**10.** The parties further agree that time is of the essence in all respects regarding this Stipulation for Settlement.

**11.** <u>Tax Credits / Deductions</u> - Defendant may be entitled to certain access tax credits and/or deductions under 26 USCS §§ 38, 44 and 46, and other sections of the Internal Revenue Code, for the architectural modifications and barrier removal performed pursuant to this Stipulation for Settlement.

**12.** Plaintiff and Defendant stipulate and represent that they have the power and authority to execute and deliver this Stipulation for Settlement and to perform their obligations hereunder.

**13.** Each person executing this Stipulation for Settlement on each party's behalf has been authorized to sign on behalf of the respective party and to bind each to the terms of this Stipulation for Settlement.

**14.** Defendant agrees to pay Plaintiff a total of $250.00, for reimbursement of administrative expenses and costs incurred in this matter.

**15.** Counsel for the parties will execute (or will "s / sign" with approval) a Joint Notice of Settlement, and Request for Approval of Stipulation for Settlement and Subsequent Dismissal. After the execution or "s / signing", Plaintiff's counsel shall e-file that document with

the Court, along with the parties' proposed Final Order Approving Stipulation for Settlement, and Dismissing Action, and shall e-mail a copy of the Stipulation for Settlement and the proposed Final Order to the District Judge for review and entry.

**16.** This Stipulation for Settlement shall be binding upon Plaintiff and Defendant and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

**17.** This Stipulation for Settlement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida. Plaintiff and Defendant agree that venue for any litigation brought to enforce this Stipulation for Settlement shall lie exclusively with the United States District for the Southern District of Florida, or, if that court refuses to retain jurisdiction to enforce this Stipulation for Settlement or if the Court's retained jurisdiction has expired, in any court of competent jurisdiction in Miami-Dade County, Florida.

**18.** The language of all parts of this Stipulation for Settlement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Stipulation for Settlement has been negotiated by and between attorneys for the parties and shall not be construed against the "drafter" of the Stipulation for Settlement.

**19.** This Stipulation for Settlement may be amended, revoked, changed, or modified only upon a written agreement executed by all of the parties hereto. No waiver of any provision of this Stipulation for Settlement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

**20.** This Stipulation for Settlement sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the

parties hereto pertaining to the subject matter hereof.

**21.** This Stipulation for Settlement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same affect as if all parties hereto had the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

| GROUP AFG, INC. | DISABILITY ADVOCATES AND COUNSELING GROUP, INC. |
|---|---|
| By: _[signature]_ | By: _____ |
| Printed Name: MARIO GUILLEN Jr | Printed Name: Steven Brother |
| Its: President | Its: President |
| Dated: JAN 11, 2012 | Dated: _____ |

W:\Casefile\M\ADA\ss\ShtFrm\DACG\Gas Station\Group AFG [P-5] [ DU ][01062012][7676.1][wav].wpd

parties hereto pertaining to the subject matter hereof.

21. This Stipulation for Settlement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same affect as if all parties hereto had the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

| GROUP AFG, INC. | DISABILITY ADVOCATES AND COUNSELING GROUP, INC. |
|---|---|
| By: _____ | By: _*Steven Brother*_ |
| Printed Name: _____ | Printed Name: Steven Brother |
| Its: _____ | Its: President |
| Dated: _____ | Dated: 1/6/12 |

W:\Casefile\IM\ADA\ss\ShfFrin\DACG\Gas Station\Group AFG [P-5] [ DU ][01062012][7676.1][wac].wpd